# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHZAD BOLOURCHI,<br><br>        Petitioner,<br><br>   v.<br><br>TODD M. LYONS, *et al.*,<br><br>        Respondents. | Case No. 5:26-cv-00791-CV (MBK)<br><br>**ORDER GRANTING PETITIONER'S APPLCIATION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[DOC. # 6]** |

On February 20, 2026, Petitioner Behzad Bolourchi ("Petitioner") filed an "Emergency Ex Parte application for Temporary Restraining Order and/or Preliminary Injunction (Application"). Doc. # 6 ("App."). On February 23, 2026, Respondents[1] filed a Response, and on February 24, 2026 Petitioner filed a Reply. Doc. # 9 ("Resp."); Doc. # 10 ("Reply"). Having reviewed and considered all the briefing filed with respect to the Application, the Court finds that oral argument is not necessary to resolve the Application, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I.  **INTRODUCTION**

On February 18, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 against Respondents. Doc. # 1 ("Pet.").

On February 20, 2026, Petitioner filed the Application for Temporary Restraining Order ("TRO") that would order Respondents to immediately release Petitioner under appropriate supervision and prohibit any attempt to re-detain or remove him from the United States. App. at 13. In the alternative, Petitioner requests an order requiring a bond hearing within ten days before an Immigration Judge where the jurisdiction of the Immigration Judge to hear the request for bond shall be deemed established, the government shall bear the burden to prove by clear and convincing evidence that Petitioner should be detained, and where the immigration judge must consider ability to pay and alternatives to detention. *Id*. Petitioner further seeks an order barring re-detention absent genuine, documented changed circumstances demonstrating a significant likelihood of removal, and any other relief as the Court may deem just and appropriate. *Id*.

//

---

[1] Respondents are Todd M. Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Marcos Charles, in his official capacity as Acting Executive Associate Director for Enforcement and Removal Operations, ICE; Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security; Pamela Bondi, in her official capacity as Attorney General of the United States; and Doe 1, in his or her official capacity as Warden of the ICE Desert View Facility (collectively, "Respondents").

## II. FACTUAL BACKGROUND

Petitioner is a native of Iran who has lived in the United States since the 1990s, when he entered on a valid nonimmigrant visa. Pet. ¶ 14. In 2001, an Immigration Judge ordered him removed in absentia to Iran. *Id*. ¶ 17.

On December 22, 2003, the former Immigration and Naturalization Service issued an Order of Supervision ("OSUP") governing Petitioner's release from detention, which required him to report regularly to immigration authorities. *Id*. ¶ 17, Ex. 3. For more than twenty-two years, Petitioner remained at liberty under that supervision. He attended all scheduled ICE check-ins, complied with the OSUP's reporting requirements, and neither resisted supervision nor attempted to abscond. *Id*. ¶¶ 20–22.

Petitioner married a United States citizen in June 2007. *Id*. ¶ 15, Ex. 4. In 2017, his spouse filed a Form I-130 Petition for Alien Relative on his behalf. *Id*. ¶ 16. USCIS approved the petition on January 24, 2019. *Id*. ¶ 16, Ex. 5.

On June 26, 2025, ICE officers stopped Petitioner and his wife while they were driving. *Id*. ¶ 24. Officers removed Petitioner from the vehicle, handcuffed him, and placed him in ICE detention. *Id*. ¶¶ 24–26. He remains detained at the ICE detention facility in Adelanto, California. *Id*. ¶ 26.

According to the Petition, the Government has not provided Petitioner with a written explanation identifying any changed circumstances, evidence that Iran has issued travel documents, a scheduled removal date, or a defined timeline for removal. *Id*. ¶¶ 27–29. Nor was he given an opportunity to respond before being taken into custody. *Id*. ¶ 27. Petitioner has remained continuously detained since June 26, 2025. *Id*. ¶ 30.

## III. LEGAL STANDARD

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary

injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## IV.   DISCUSSION

Petitioner argues that he is entitled to release from custody because his ongoing detention violates his Fifth Amendment right to due process, and the Immigration and Nationality Act ("INA"), and the INA's regulations. App. at 4–11.

Given the facts set forth above (see Section II), and in light of Respondents' decision not to oppose the requested relief, the Court concludes that issuance of a temporary restraining order is warranted. This conclusion is consistent with the Court's prior determination that similar circumstances justified such relief. *See, e.g.*, *Le v. Bowen*, No. 5:25-cv-03586-CV (BFM) (C.D. Cal. Jan. 9, 2026) (Doc. # 10)).

Specifically, the Court will grant Petitioner's request that he not be transferred outside of the Central District of California during the pendency of the proceedings, and

that he be immediately released and not re-detained unless Respondents comply with the regulations governing revocation of an Order of Supervision.

However, because the Court seeks to go no further than necessary to ensure that Petitioner receives the appropriate due process protections, the Court will not impose the requirement that Respondents not re-detain Petitioner "absent genuine, documented changed circumstances establishing significant likelihood of removal" *See* App. at 13. "Courts should act cautiously when reviewing matters entrusted to the Executive Branch, especially those involving immigration, lest it alter the balance between co-equal branches of government." *Jazi v. Rubio*, No. 25-cv-27 BEN, 2025 WL 2420690, at *2 (S.D. Cal. Aug. 20, 2025); *see also Noem v. Vasquez Perdomo*, 146 S.Ct. 1, 2025 WL 2585637, at *5 (2025) (Kavanaugh, J., concurring) ("Especially in an immigration case like this one, it is also important to stress the proper role of the Judiciary . . . . [W]e . . . must decline to step outside our constitutionally assigned role to improperly *restrict* reasonable Executive branch enforcement of the immigration laws." (emphasis in original)).

Finally, the security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

## V. **CONCLUSION**

For the foregoing reasons, the court GRANTS IN PART Petitioner's Application and ORDERS as follows:

1. Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and are enjoined from re-detaining Petitioner without compliance with applicable INA Regulations.

2. Respondent must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3. To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

4. This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on March 12, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

5. Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. Civ. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 6, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than March 10, 2026.

6. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

**IT IS SO ORDERED**.

Dated: February 26, 2026

*Cynthia Valenzuela*
_____
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE