# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BEHZAD BOLOURCHI,

          Petitioner,

   v.

TODD M. LYONS, *et al.*,

          Respondents.

Case No. 5:26-cv-00791-CV (MBK)

**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [12]**

1

On February 26, 2026, the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause why a Preliminary Injunction Should Not Issue ("OSC"). Doc. # 12 ("TRO Order"). On March 6, 2026, Respondents filed a Response to the OSC. Petitioner did not file a reply brief. Having reviewed and considered all the briefing filed with respect to the Order to Show Cause Re: Preliminary Injunction, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I.    BACKGROUND

On February 18, 2026, Petitioner Behzad Bolourchi ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 against Respondents. Doc. # 1 ("Pet.").[1]

On February 20, 2026, Petitioner Behzad Bolourchi ("Petitioner") filed an "Emergency Ex Parte application for Temporary Restraining Order and/or Preliminary Injunction (Application"). Doc. # 6 ("App.").

On February 26, 2026, the Court issued the TRO and OSC ordering:

1. Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and are enjoined from re-detaining Petitioner without compliance with applicable INA Regulations.

2.    Respondent[s] must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3.    To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final

---

[1] Respondents are Todd M. Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Marcos Charles, in his official capacity as Acting Executive Associate Director for Enforcement and Removal Operations, ICE; Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security; Pamela Bondi, in her official capacity as Attorney General of the United States; and Doe 1, in his or her official capacity as Warden of the ICE Desert View Facility (collectively, "Respondents").

2

resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

4.      This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on March 12, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

5.      Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. Civ. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 6, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than March 10, 2026.

6.      The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

TRO Order at 5–6.

The Court has previously recounted the factual background in this case in the TRO which is incorporated here by reference. TRO Order.

## II.    **LEGAL STANDARD**

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD*

*Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## III.   **DISCUSSION**

As a preliminary matter, the Court notes that neither party has complied with the terms of the TRO Order—Respondents failed to release Petitioner within 24 hours and Petitioner failed to file a Reply. The Court admonishes counsel for both parties and expects strict compliance with its orders in the future.

In response to the OSC, Respondents argue that they have complied with the TRO by releasing Petitioner from custody and not re-detaining him. Gov. Resp. at 2–3; Doc. # 13. Respondents argue that Petitioner's release moots both the requested preliminary injunction and this habeas petition more generally. Gov. Resp. at 2. Respondents make no arguments as to the merits of the Preliminary Injunction, and their sole argument is that the request is moot in light of the actions they have taken in response to the TRO. *See generally id.*

First, Respondents complied with the Court's order that they release Petitioner from custody and that they provide the Court with a notice of compliance. Petitioner has not filed a reply, and thus the Court finds that Petitioner has received this requested relief and there is no present controversy as to which effective relief can be granted as to these portions of the TRO Order. Accordingly, these portions of the TRO are moot. *See Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

The TRO is not moot as to the orders that: (1) Respondents may not re-detain Petitioner without first complying with applicable INA Regulations, and (2) to preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner. Given Respondents' cavalier attitude toward timely compliance with the Court's order to release Petitioner *immediately* and to provide a notice of compliance *within 24 hours*, these protections for Petitioner are essential.

Further, the Court declines to find the Petition as a whole moot at this time, as the OSC was solely related to the issuance of a preliminary injunction, not the final resolution of the case. The Magistrate Judge assigned to this case will set a briefing schedule for Respondents to respond to the merits of the Petition.

## IV.    CONCLUSION

For the foregoing reasons, the court issues a Preliminary Injunction and ORDERS as follows:

1.    Respondents may not re-detain Petitioner without compliance with applicable INA Regulations.

2.    To preserve the Court's jurisdiction, Respondent are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

**IT IS SO ORDERED**.

Dated: 3/17/26

_Cynthia Valenzuela_
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

5